STEVENSON, J.
Appellant, Adolphus Allen, was tried by jury and convicted of three counts of robbery with a firearm. His convictions stemmed from the robbery of three young men occurring in the late evening hours of April 6, 1997, and early morning hours of April 7, 1997, which was perpetrated by appellant and four companions. We agree with appellant that the trial court erred in allowing a police detective to testify that appellant told him that his companions were going to give him a portion of the robbery proceeds so that he could buy drugs. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959)(holding that evidence of other wrongs or bad acts is inadmissible when it is introduced for the sole purpose of demonstrating the defendant’s bad character or propensity). Nevertheless, we affirm the convictions and the trial judge’s denial of appellant’s motion for mistrial because we find that appellant has not met his burden of proving prejudicial error. See § 924.051(7), Fla. Stat. (1997). Prejudicial error is defined in section 924.051(l)(a) as “an error in the trial court that harmfully affected the judgment or sentence.”
Here, in order to convict appellant, the driver of the car, as a principal, the State was required to establish that appellant had a “conscious” intent that the robbery be committed and that he did “some act or said some word” which encouraged or assisted his compatriots in the robbery. See Fla. Std. Jury Instr. (Crim.) 3.01. The evidence was undisputed that appellant did some act to help the others — he drove them to the apartment complex, heard them discuss their plans to rob the three boys, watched them jump out of the car,. waited for their return, and then drove them away. As to his own intent, appellant, by his own admission, knew prior to taking the four others to the complex that they were planning a robbery. Once at the complex, he knew prior to dropping off his passengers that they were planning to rob the three boys in the parking lot that they had just driven by. Given.the state of the evidence, appellant has not shown that the improper admission of the detective’s testimony “harmfully affected the judgment.”
AFFIRMED.
STONE, .C.J., and POLEN, J., concur.